# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **TERESA WOJCIK**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16 C 10452 |
| | ) |
| **CROWN CASTLE USA, INC.**, | ) |
| a Pennsylvania Corporation, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Crown Castle USA, Inc. ("Crown Castle") has just filed its Answer and Affirmative Defenses ("ADs") to the Title VII action brought against it by its ex-employee Teresa Wojcik ("Wojcik"). This brief memorandum order is issued sua sponte to address this AD 1 advanced by Crown Castle:

> To the extent that Count I complains of discrete acts of gender discrimination occurring outside the 180-day charge filing period for filing a Title VII claim, such acts are untimely and not actionable.

That AD obviously targets Complaint ¶ 10, which narrates a course of disparate treatment to which Wojcik was assertedly subjected throughout her employment with Crown Castle (Complaint ¶ 8, which has been admitted by Crown Castle, alleges that Wojcik "was the only female construction manager when she was hired and throughout her employment"). What AD 1 fails to recognize is that discriminatory acts that are not separately actionable because they are outside the statutory period for filing a Title VII claim are still appropriate for a plaintiff's pleading because they may be relevant for evidentiary purposes (for example, by being probative

as to a discriminatory mindset on the part of an employer). Hence AD 1 is stricken as insufficient in law, while Complaint ¶ 10 remains in Wojcik's pleading.

                                               _____
                                               Milton I. Shadur
                                               Senior United States District Judge

Date: January 9, 2017